**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**MARK PIVTORAK**,

Plaintiff,

v.

**MARYAN HAIDAR**,

Defendant.

Case No.: 2:26-cv-00046-JLR

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

*(17 U.S.C. § 501)*

**AND KNOWING MISREPRESENTATION IN A DMCA COUNTER-NOTIFICATION**

*(17 U.S.C. § 512(f))*

Plaintiff Mark Pivtorak alleges as follows:

## I. PARTIES

1. **Plaintiff** Mark Pivtorak is an individual residing at **835 Wilshire Blvd, Ste 500 #553, Los Angeles, CA 90017, United States**, and is the sole and exclusive owner of the copyrighted audiovisual work at issue ("the Work").

2. **Defendant** Maryan Haidar is an individual residing at **2322 Conejo Ln, Fullerton, CA 92833**, who submitted a DMCA counter-notification claiming ownership or lawful use of the Work.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

4. Venue is proper in this District under 28 U.S.C. § 1391 and 17 U.S.C. § 512(g)(3)(D) because Defendant consented to the jurisdiction of a United States federal district court by submitting a DMCA counter-notification to Instagram.

### III. FACTUAL ALLEGATIONS

5. Plaintiff is the sole and exclusive copyright owner of the Work, an original audiovisual video fixed in a tangible medium of expression and protected under United States copyright law.

6. Defendant published, displayed, distributed, and/or caused to be published the Work on Instagram, **including but not limited to** the following URL, **as well as any other URLs, posts, reels, stories, mirrors, copies, reuploads, edited versions, derivative uploads, or substantially similar versions of the Work**, on Instagram or any Meta-owned platform, without Plaintiff's authorization:

    https://www.instagram.com/maryan_artgallery/reel/ClRdsRJjeBw

7. Plaintiff never granted Defendant a license, assignment, collaboration agreement, or any authorization to use, reproduce, distribute, or publicly display the Work.

8. Plaintiff submitted a valid DMCA takedown notice to Meta Platforms, Inc. identifying the infringing content.

9. Meta removed or disabled access to the infringing material pursuant to 17 U.S.C. § 512(c).

10. Defendant submitted a DMCA counter-notification asserting that the content was a "collaborative Christmas celebration" created by multiple Instagram creators.

11. Defendant's counter-notification falsely characterized the Work as collaborative and falsely asserted lawful use, despite Defendant having no ownership interest, license, or authorization from Plaintiff.

12. Defendant's counter-notification was submitted under penalty of perjury and included **knowing and material misrepresentations** regarding ownership and authorization.

13. Defendant has engaged in a pattern of unauthorized use of the Work and, upon information and belief, is likely to continue reproducing, distributing, or displaying the Work or substantially similar versions thereof unless restrained by this Court.

14. Meta informed Plaintiff that the infringing content would be restored unless Plaintiff filed an action seeking a court order to restrain the infringing activity within ten (10) business days pursuant to 17 U.S.C. § 512(g)(2)(C).

15. Plaintiff files this action to prevent restoration of the infringing content and to enforce his exclusive rights under copyright law.

16. References to specific URLs in this Complaint are provided for illustrative purposes only and do not limit Plaintiff's claims to those URLs.

## IV. CLAIMS FOR RELIEF

### COUNT I – COPYRIGHT INFRINGEMENT

*(17 U.S.C. § 501)*

17. Plaintiff incorporates paragraphs 1–16.

18. Defendant infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, and publicly displaying the Work without authorization.

19. Defendant's infringement was willful or, at minimum, undertaken with reckless disregard for Plaintiff's rights.

### COUNT II – KNOWING MISREPRESENTATION IN DMCA COUNTER-NOTIFICATION

*(17 U.S.C. § 512(f))*

20. Plaintiff incorporates paragraphs 1–19.

21. Defendant knowingly and materially misrepresented that the infringing material was removed or disabled as a result of mistake or misidentification.

22. Defendant's false counter-notification interfered with Plaintiff's ability to enforce his copyrights and caused damages, including the risk of forced restoration of infringing content.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendant infringed Plaintiff's copyright in the Work;

B. Enjoin Defendant, and all persons acting in concert with her, from copying, reproducing, displaying, distributing, uploading, reposting, sublicensing, or otherwise exploiting the Work, **or any substantially similar version thereof**, on Instagram, Meta platforms, or any other website, platform, or service, whether currently known or later developed;

C. Award statutory damages under 17 U.S.C. § 504;

D. Award damages under 17 U.S.C. § 512(f);

E. Award Plaintiff costs and attorneys' fees pursuant to 17 U.S.C. § 505;

F. Grant such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 01/05/2025

**s/ Mark Pivtorak**

Mark Pivtorak, Pro Se
**835 Wilshire Blvd, Ste 500 #553**
**Los Angeles, CA 90017, United States**
Phone: +1 (323) 992-1112
Email: pivtorak@pivtoraklaw.com